IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, LLC *f/k/a* AAMCO TRANSMISSIONS, INC., *Petitioner* | : : : : | CIVIL ACTION |
| v. | : : | |
| OTTO ECHEVERRI *et al.*, *Respondents* | : : : | NO. 20-5637 |

## MEMORANDUM

PRATTER, J.                                                                                                                                     MARCH 22, 2021

AAMCO Transmissions, LLC moves for default judgment and confirmation of an arbitral award against two former franchisees, Otto and Mitchell Echeverri. Because AAMCO has satisfied the jurisdictional and procedural requirements to confirm its claimed arbitral award, the Court grants AAMCO's motion for default judgment and confirmation of the award.

### BACKGROUND[1]

AAMCO franchises various automobile care centers throughout the country. In 2017, Respondents Otto and Mitchell Echeverri entered into a written franchise agreement with AAMCO to operate a franchise AAMCO center in Arizona. The agreement provided for 15-year term. Doc. No. 1, Ex. 1 (Franchise Agmt.) ¶ 3. The parties agreed that any disputes arising out of the franchise relationship would be settled by arbitration in Philadelphia conducted in accordance with the procedures and processes in place at the private arbitration facility. *Id.* ¶ 26. Nearly two years into the 15-year franchise term, the Echeverris unilaterally abandoned the center. Doc. No. 1 (Compl.) ¶ 11.

---

[1]     Because default was entered and Respondents have declined to contest the allegations in the Complaint, the Court accepts as true the well-pleaded factual allegations of AAMCO's Complaint and treats those allegations as though they were established by proof, except those relating to damages. *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

1

Under the terms of the franchise agreement, AAMCO submitted a demand for arbitration in May 2019. *AAMCO Transmissions, LLC f/k/a AAMCO Transmissions, Inc. v. Otto Echeverri and Mitchell Echeverri*, JAMS Ref. No. 1450006431. The Echeverris were served with the arbitration demand and a scheduling order. *Id.* ¶ 13. They participated in the preliminary conference before the appointed arbitrator. *Id.* ¶ 14. The arbitrator held an evidentiary hearing in May 2020, at which AAMCO appeared and gave testimony and evidence in support of its claim of a breach of the franchise agreement. *Id.* ¶ 15. Although Otto and Mitchell Echeverri were provided notice of the hearing, they did not appear or otherwise participate. *Id.* The arbitrator made an award in favor of AAMCO and against the Echeverris for $122,774.14. This figure represents the costs incurred by AAMCO to resolve a customer complaint against the Echeverris in the amount of $1,285.68, a net loss of future revenue of $85,391.79, attorneys' fees and expenses incurred by AAMCO of $18,127.10, and JAMS fees and expenses of $17,969.57. Doc. No. 1, Ex. 2 (Final Award). The Echeverris did not challenge the award. Doc. No. 1 ¶ 18.

On November 11, 2020, AAMCO filed a petition in this Court to confirm the arbitral award. Attached to the petition are copies of the underlying franchise agreement, Doc. No. 1 at 6-48, and the final arbitral award, *id.* at 49-51. The Echeverris have not answered the petition or otherwise appeared in this case. AAMCO first requested an entry of default be entered against both Echeverris under Rule 55(a). Fed. R. Civ. P. 55(a). The Clerk of Court entered default on December 29, 2020 against Otto Echeverri and on January 5, 2021 against Mitchell Echeverri.

AAMCO now moves for default judgment confirming the arbitral award. Doc. No. 8. Neither Otto nor Mitchell Echeverri has appeared or opposed AAMCO's motion.

## DISCUSSION

Under Rule 55(b)(2), the Court may enter default judgment against a properly served defendant who fails to defend or appear. Fed. R. Civ. P. 55(b)(2). When default judgment is requested, the Court has an affirmative duty to make a threshold determination *sua sponte* regarding any jurisdictional defects. *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 given that the controversy is between diverse parties[2] and exceeds $75,000. The Court likewise has personal jurisdiction over both Echeverris because, pursuant to the franchise agreement, they expressly consented to arbitration in this District. Doc. No. 1 at 39. The Echeverris were notified of the arbitration proceeding, served with the demand and scheduling order, and participated in the preliminary procedures. The final arbitral award was made in this District. The Echeverris were then properly made parties to this action by effective service of the petition and summons pursuant to Rule 4. Fed. R. Civ. P. 4; Doc. Nos. 4, 5.

AAMCO seeks confirmation of the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. The Court's role here is circumscribed. The "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). As the Third Circuit Court of Appeals has emphasized, the "FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Id.*

Relevant here, the franchise agreement expressly provides that:

> [J]udgment upon the award of the arbitration may be entered in the court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of

---

[2] AAMCO is a limited liability company organized under Pennsylvania law with a principal place of business in Pennsylvania. Doc. No. 1 ¶ 4. Otto and Mitchell Echeverri are both residents and citizens of Arizona. *Id.* ¶¶ 5-6.

3

the award or an order of enforcement, and the parties submit themselves to the jurisdiction of any such competent jurisdiction for the entry and enforcement of the award.

Franchise Agmt ¶ 26. AAMCO timely filed its petition within the one-year timeframe provided by the FAA, 9 U.S.C. § 9, and in accordance with the terms of the franchise agreement.

Under § 9 of the FAA, the Court "must grant such an order [confirming the arbitration award] unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. Notice of a motion to vacate, modify, or correct an award must be served within "three months after the award is filed or delivered." *Id.* § 12. The award was entered on July 14, 2020. Because the Echeverris did not move to oppose the award within the prescribed period, they have waived their right to challenge the award. Indeed, the Echeverris have not entered an appearance here to object to the award. The Court will confirm the award and enter judgment in favor of AAMCO and against Otto and Mitchell Echeverri, in the amounts as set forth in the award.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants AAMCO's petition to confirm the arbitral award and its motion for default judgment. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE